IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMSEY BELLE | § | |
| v. | § | CIVIL ACTION NO. 6:09cv428 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Jamsey Belle, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Belle was convicted of possession of a controlled substance (cocaine) for which he received a sentence of 10 years in prison. He is also serving a concurrent 10-year sentence for bail jumping and failure to appear, but the present petition concerns the possession charge.

In his petition, Belle complains that during the trial on his possession charge, the jury sent a note asking if Belle could receive time served for his failure to appear, that he received ineffective assistance of counsel, the surveillance tape was of poor quality and so he could not use it, and a portion of the reporter's record was lost through no fault of his. In an attached memorandum, Belle argues that the jury's note shows that he was subjected to double jeopardy, that counsel did not provide a defense nor conduct any investigation, and counsel committed perjury during the state habeas proceedings. Belle also argues, in a declaration in support of his petition, that a Tyler police

officer gave perjured testimony on a video tape, the Tyler police department should have investigated and discovered this perjury, and that he was assaulted while confined in the Texas prison system.

The Magistrate Judge ordered the Respondent to answer Belle's petition, and the Respondent filed an answer saying that Belle's claims were partially unexhausted and wholly without merit. Belle did not file a response to the answer.

After review of the pleadings, the Magistrate Judge issued a Report on August 9, 2010, recommending that the petition be dismissed. The Magistrate Judge observed first that the jurors' note did not say anything about Belle's receiving time served for failing to appear, but instead asked when he failed to appear, how a fine would be paid, and when he was picked up for not appearing. The trial judge responded that these questions could not be answered and that all of the exhibits would be sent to the jury room. The Magistrate Judge concluded that the failure by the judge to answer these questions was not a constitutional violation and that Belle was not subjected to double jeopardy because the jury was not considering the charge of failure to appear. The Magistrate Judge went on to state that Belle failed to show ineffective assistance of counsel and that his attorney, LaJuanda Lacy, did not commit perjury, no constitutional violation was committed in the fact that the surveillance tape was of poor quality, Belle did not identify what part of the reporter's record he claims is missing, Belle did not state what portion of Tyler police officer Mark Lee's testimony was allegedly perjured, and the claim that he was assaulted while at TDCJ does not set out a claim for habeas corpus relief.

Belle filed objections to the Magistrate Judge's Report on August 27, 2010. In his objections, Belle states first that the introduction of his failure to appear was improper in his trial for possession of a controlled substance since he was not on trial for those offenses, and that he was subjected to double jeopardy when he was tried for failure to appear because these charges had been before the jury in his controlled substance case. These objections contradict each other, and also lack merit. The Texas courts have held that conduct after the crime, including failure to appear at a trial setting, can indicate consciousness of guilt and is admissible as evidence tending to prove

commission of the crime. Hyde v. State, 846 S.W.2d 503, 505 (Tex.App.-Corpus Christi 1993, pet. ref'd), *citing* Aguilar v. State, 444 S.W.2d 935, 938 (Tex.Crim.App. 1969). As the Magistrate Judge explained, Belle was not subjected to double jeopardy because the charges of failure to appear were not before the jury in the possession case. His first objection is without merit.

Second, Belle argues that he received ineffective assistance of counsel because he had a constitutional right to view the surveillance tape before trial, but was not allowed to do so. He also argues that counsel failed to petition the court regarding Officer Lee's perjury, failed to raise the issue of what had happened to the video tape, and failed to bring in any evidence about his failure to appear to show that it was not Belle's fault.

As in his petition, Belle offers nothing to show that Lee committed perjury beyond his own bald assertion that this is so. He appears to imply that the video tape was of poor quality because of tampering with the equipment but offers no evidence to support this contention; the Court is aware that surveillance tapes can be of poor quality. *See, e.g.*, Glazner v. State, 175 S.W.3d 262, 266 n.3 (Tex.Crim.App. 2005) (noting that the court reviewed a surveillance tape at the request of the defendant but was "unable to discern anything due to the poor quality of the tape." Belle also does not identify what evidence counsel should have presented to show that his failure to appear at a court proceeding was not his fault. These objections are without merit,

Third, Belle says that he was unlawfully arrested and that the surveillance tape would have showed this. He points to another case in Tyler in which a police video was used, which he says shows that the tape in this case was wrongfully withheld, but fails to show that the same surveillance equipment was used, nor that the fact that surveillance equipment worked well on one occasion means that other equipment necessarily worked well on a different occasion. His objection on this point is without merit.

Finally, Belle says that the part of the reporter's record which is missing is the video deposition of Mark Lee. This contention was not raised in Belle's state habeas petition, and is therefore unexhausted. The Fifth Circuit has stated that A federal habeas corpus petitioner fails to

3

exhaust his state remedies when he relies on a different legal theory than he did in state court or when he makes the same legal claim to a federal court but supports the claim with factual allegations that he did not make to the state courts. Dispensa v. Lynaugh, 847 F.2d 211, 217 (5th Cir. 1987). Belle did not allege in his state habeas petition that a portion of the reporters's record was missing, nor identify this portion as Officer Lee's deposition.

The Fifth Circuit has held that if a petitioner fails to exhaust state remedies, but the court to which the petitioner would be required to meet the exhaustion requirement would now find the claims procedurally barred, there has been a procedural default for purposes of federal habeas corpus relief. Sones v. Hargett, 61 F.3d 410, 416 (5th Cir. 1995), citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991). Because Belle did not exhaust his state remedies on this claim, and an attempt to do so at this point would be procedurally barred, his claim on this point is defaulted and his objections are without merit, as are his arguments that he should receive a certificate of appealability.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Jamsey Belle is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 20th day of September, 2010.**



_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**